MANDATE

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty.

PRESENT: JOSÉ A. CABRANES,
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

UNITED STATES OF AMERICA,

*Appellee,*           17-3520

v.

LENNY MATIAS,

*Defendant-Appellant.*

**FOR APPELLEE:**           J. MATTHEW HAGGANS (Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

**FOR DEFENDANT-APPELLANT:**           JEREMY GORDON, Jeremy Gordon, PLLC, Mansfield, Texas.

Appeal from an October 25, 2017 judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

In 2017, Defendant-Appellant Lenny Matias ("Matias") pleaded guilty to possession with intent to distribute and distribution of twenty-eight grams or more of cocaine base, and a substance containing cocaine, in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(B)(iii) and 841(b)(1)(C). For this conduct, he was sentenced principally to 235 months of imprisonment. At the same time, Matias pleaded guilty to violating the terms of his supervised release as set forth in his conviction from 2014 for conspiring to distribute and possess with intent to distribute at least one kilogram of heroin and five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). For this conduct, he was sentenced to 60 months of imprisonment. The two sentences were imposed consecutively.

On appeal, Matias challenges the procedural reasonableness of the District Court's decision to make the sentences consecutive. Specifically, Matias argues that his sentence should be set aside because the District Court made the sentences consecutive under the erroneous impression that it *had* to do so.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Procedural error occurs when the district court (1) fails to calculate the Guidelines range; (2) is mistaken in the Guidelines calculation; (3) treats the Guidelines as mandatory; (4) does not give proper consideration to the § 3553(a) factors; (5) makes clearly erroneous factual findings; (6) does not adequately explain the sentence imposed; or (7) deviates from the Guidelines range without explanation." *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009).

Ordinarily, we review the reasonableness of a sentence under the abuse of discretion standard. *United States v. Sampson*, 898 F.3d 287, 311 (2d Cir. 2018). However, when the appellant fails to object to alleged error in the District Court, we review only for plain error. *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). Here, both parties agree that Matias failed to object to the alleged procedural unreasonableness of his sentencing during the relevant District Court proceedings. Therefore, the plain error standard clearly applies. "Under the plain error standard, an appellant must demonstrate that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Balde*, 943 F.3d 73, 96 (2d Cir. 2019) (quotations marks omitted).

Applying that standard here, we do not find that the District Court plainly erred. Matias focuses his appeal on a particular exchange between the Government and the District Court during sentencing. As he correctly states, the Government did argue to the Court that "the law requires that

any sentence that you give [for violating supervised release] . . . be served consecutive to the criminal conviction." Matias App. 22. And as he also correctly states, and the Government now concedes, the Government, in making this argument, got the law wrong. Because the United States Sentencing Guidelines are not mandatory, no such requirement for consecutive sentences exists. *See United States v. Booker*, 543 U.S. 220 (2005).

Nonetheless, Matias incorrectly imputes the Government's error to the District Court. True, the District Court, in responding to the Government, did not issue a definitive correction. But nor did the District Court suggest that it agreed with the Government's contention that the sentences must be served consecutively. Indeed, in replying to the Government, the District Court noted that the consecutive sentence for 60 months was the same as what "probation [was] recommending"— an acknowledgement that any proposed sentence was merely a *recommendation* because the ultimate sentence was not commanded by law, but rather left up to the sound discretion of the District Court. Matias App. 22-23.

Other statements throughout the course of the District Court's proceedings indicate that it did not suffer from the same misapprehension as the Government. During the plea proceeding, for example, the Court had also referred to the Violation of Supervised Release Report, and stated that the report was "*recommending* five years imprisonment consecutive to any sentence under the new offense." Gov. App. 29 (emphasis added). When defense counsel then asked that sentencing for the new conviction and the violation of supervised release occur simultaneously, the Court responded by ensuring that defense counsel and defendant "underst[ood] that doesn't mean [the sentences] will be concurrent." Gov. App. 29.

This language indicates that the District Court recognized that the decision to impose consecutive or concurrent sentences is discretionary. And even if we did find that the District Court did not articulate its position as clearly as it might have, the presence of error is certainly subject to "reasonable dispute." *Balde*, 943 F.3d at 96.

Accordingly, we find that the District Court did not plainly err, and that its decision to impose Matias's sentences consecutively was not procedurally unreasonable.

## CONCLUSION

We have reviewed all of the arguments raised by Matias on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3