ALB:JMH
F. # 2016R01763

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

\- against -

LENNY MATIAS,

Defendant.

\- - - - - - - - - - - - - - - - - - X

PLEA AGREEMENT

16 CR 586 (SJF)

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and LENNY MATIAS (the "defendant") agree to the following:

1. The defendant will plead guilty to the sole count of the above-captioned indictment, charging a violation of 21 U.S.C. § 841(a)(1). The count carries the following statutory penalties:

a. Maximum term of imprisonment: 40 years[1] (21 U.S.C. § 841(b)(1)(B)(iii)).

b. Minimum term of imprisonment: 5 years (21 U.S.C. § 841(b)(1)(B)(iii)).

c. Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release

---

[1] At the time of sentencing, the government will move to withdraw the Information filed on November 30, 2016.

imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583(e); 21 U.S.C. § 841).

d. Maximum fine: $5,000,000 (21 U.S.C. § 841(b)(1)(B)).

e. Restitution: N/A

f. $100 special assessment (18 U.S.C. § 3013).

g. Other penalties: criminal forfeiture as set forth below in paragraphs 6 through 13 (21 U.S.C. §§ 853(a) and 853(p)).

2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 34, which is predicated on the following Guidelines calculation:

| | |
|---|---|
| Base Offense Level (§4B1.1(b)(2)) | 34 |
| Total: | 34 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 32 and a range of imprisonment of 210-262 months, assuming that the defendant falls within Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b). Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before January 30, 2017, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 31. This level carries a range of imprisonment of 188-235 months, assuming that the defendant falls within Criminal History Category VI pursuant to U.S.S.G. § 4B1.1(b). The defendant stipulates to the above Guidelines calculation, and further agrees that he will not move for nor advocate for a downward departure from the Guidelines at sentencing. The defendant agrees that he will not challenge the drug type and quantity set forth in the lab reports.

3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 262 months or below. This waiver is

binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5. The Office agrees that:

a. no further criminal charges will be brought against the defendant for the distribution of cocaine and cocaine base in and around and between March 2016 and October 2016, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq.;

and, based upon information now known to the Office, it will

b. make no motion for an upward departure under the Sentencing Guidelines.

The government reserves the right to argue where within the Guidelines range the ultimate sentence should fall. If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound

by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a) and (b).

6. The defendant acknowledges that he owns property that is subject to forfeiture as a result of his violation of 21 U.S.C. § 841 as alleged in the indictment. Pursuant to 21 U.S.C. §§ 853(a) and 853(p), the defendant consents to the entry of a forfeiture money judgment against him in the amount of thirteen thousand six hundred forty-two dollars and no cents ($13,642.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title and interest in two thousand three hundred fifty-eight dollars and no cents ($2,358.00) in United States currency, more or less, and one scale, both seized from a residence located on Scopelitis Court in Holbrook, New York on or about October 28, 2016 (the "Seized Property"), as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of his violation of 21 U.S.C. § 841, as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, and/or as substitute assets.

7. The Forfeiture Money Judgment shall be paid in full on or before the date of the defendant's sentencing pursuant to this agreement (the "Due Date"). All payments made by the defendant towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "Customs and Border Protection" and sent by overnight delivery to Assistant United States Attorney Madeline O'Connor, United States Attorney's Office, Eastern District of

New York, 610 Federal Plaza, Fifth Floor, Central Islip, New York 11722, with the criminal docket number noted on the face of the check.

8. If the Forfeiture Money Judgment is not paid in full on or before the Due Date, interest shall accrue from the Due Date on the outstanding balance of the Forfeiture Money Judgment at the judgment rate of interest, 18 U.S.C. § 3612(f)(2). Further, if the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date and/or forfeit the Seized Assets, the defendant consents to the forfeiture of any other property of his up to the amount of the unpaid Forfeiture Money Judgment and/or value of the Seized Assets, pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant acknowledges that the Office, at its sole discretion, may seek to forfeit the amount of the Forfeiture Money Judgment through commencement of an administrative or civil forfeiture proceeding.

9. The defendant agrees that the Seized Asset and the Forfeiture Money Judgment constitute property constituting or derived from proceeds obtained directly or indirectly as a result of his violation of 21 U.S.C. § 841; property used or intended to be used in any manner or part to commit or facilitate the commission of such offense; and/or a substitute asset, and thus is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853(a) and 853(p) upon the defendant's guilty plea. The defendant consents to the entry of a Preliminary Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure as to the forfeiture of the Seized Assets and entry of a Forfeiture Money Judgment.

10. The defendant agrees to fully assist the government in effectuating the surrender and forfeiture of the Seized Assets to the United States, and to take whatever steps are necessary to ensure that clear title passes to the United States, including the execution of any

documents necessary to effectuate the surrender and transfer of title to the United States. The defendant agrees to effectuate the payment of the Forfeiture Money Judgment. The defendant agrees not to file or interpose any claim or petition seeking remission or contesting the forfeiture of the Seized Assets in any administrative or judicial proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Seized Assets or any property against which the government seeks to execute the entry and payment of the Forfeiture Money Judgment. Further, if any third party files a claim to the Seized Assets, the defendant will assist the government in defending such claim.

11. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

12. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

13. The defendant agrees that the forfeiture of the Seized Assets and the entry and payment of the Forfeiture Money Judgment are not to be considered a payment of a fine, penalty, restitution loss amount, or on any income taxes that may be due, and shall survive bankruptcy.

14. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

15. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Central Islip, New York
JAN. 30, ~~2016~~ 2017

ROBERT L. CAPERS

United States Attorney
Eastern District of New York

By: ______________________
J. Matthew Haggans
Assistant United States Attorney

Approved by: ______________________
Allen L. Bode
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

______________________
LENNY MATIAS
Defendant

Approved by:
______________________
Joseph Conway, Esq.
Counsel to Defendant