# Stuart Gold

| | |
|---|---|
| **From:** | Stuart Gold |
| **Sent:** | Tuesday, April 27, 2021 1:05 PM |
| **To:** | Jeremy Gordon |
| **Cc:** | David Boyer; Edward; Zachary L. Newland |
| **Subject:** | RE: FW: Lenny Matias |

(1) Sentencing court miscalculated the mandatory minimum supervised release sentence. *See United States v. Sanchez*, 773 F.3d 389, 390 (2d Cir. 2014). Although the court never explicitly stated what it believed was the mandatory minimum, the court adopted the PSR without change and the PSR stated that the court "must impose a term of supervised release of at least five years." PSR ¶ 77 (citing 21 U.S.C. § 841(b)(1)(B)(iii)). However, § 841(b)(1)(B)(iii) provides that the court must "impose a term of supervised release of at least 4 years." 21 U.S.C. § 841(b)(1)(B)(iii); *see also United States v. Knox*, 496 F. App'x 649, 655 (7th Cir. 2012) (providing that the Fair Sentencing Act of 2010 "lowered the mandatory minimum term of supervised release [for § 841(b)(1)(B)(iii) violations] from five years to four years").

(2) Sentencing court failed to adequately state the reasons for imposing the 235-mointh prison sentence and the 5-year supervised release sentence. *See* 18 U.S.C. § 3553(c); *United States v. Bennett*, 839 F.3d 153, 158.

(3) Record does not reflect that the sentencing court properly considered the § 3553(a) factors.

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by attorney-client privilege or work product protection. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

**From:** Jeremy Gordon <jeremy@gordondefense.com>
**Sent:** Tuesday, April 27, 2021 12:51 PM
**To:** Stuart Gold <SGold@braflaw.com>
**Cc:** David Boyer <david@gordondefense.com>; Edward <edward@gordondefense.com>; Zachary L. Newland <Zach@gordondefense.com>
**Subject:** Re: FW: Lenny Matias

Would you be able to email me with your potential issues? That would be the most productive.

On Tue, Apr 27, 2021 at 11:39 AM Stuart Gold <SGold@braflaw.com> wrote:

> Good afternoon Mr. Gordon,
>
> I am considering filing a 28 U.S.C. § 2255 motion based on several procedural sentencing errors that were not raised on appeal. The motion would be due next week.

Do you have some time today to discuss the issues I intend on raising?

Best,

Stuart

Stuart Gold, Esq.

Brafman & Associates, P.C.

256 5th Avenue, 2nd Floor

New York, NY 10001

Phone: (212) 750-7800

Fax: (212) 750-3906

sgold@braflaw.com

This message is a PRIVATE communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by attorney-client privilege or work product protection. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.

**From:** Stuart Gold <SGold@braflaw.com>
**Sent:** Friday, April 23, 2021 11:32 AM
**To:** jeremy@gordondefense.com
**Cc:** david@gordondefense.com; edward@gordondefense.com
**Subject:** FW: Lenny Matias

Hi,

Please see the below authorization from Mr. Matias's mother. If you could email me your whole file from the case, that would be greatly appreciated.

Thanks so much,
Stuart

Stuart Gold, Esq.